UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| Plaintiff, | ) Case No. 2:25-cv-12553 |
| v. | ) |
| **STELLAR HOSPITALITY BRIGHTON, LLC,** a Michigan limited liability company, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Stellar Hospitality Brighton, LLC**,** a Michigan limited liability company, for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

1

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Mark Fultz ("Plaintiff") is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Stellar Hospitality Brighton, LLC operates and owns Holiday Inn Express & Suites Brighton located at 7850 Nemco Way, Brighton, MI 48116

in Livingston County. Plaintiff has patronized Defendant's hotel as an overnight guest previously as a place of public accommodation.

6. The facilities owned by Stellar Hospitality Brighton, LLC are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fail to comply with the ADA and its regulations, as also described further herein.

7. The hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 2019 and granted permits for occupancy in 2019 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the 2010 implementing regulations of the ADA is required for this hotel unless it is structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair for mobility and can occasionally walk short distances with the use of a cane.

9. Raised in Michigan, Mr. Fultz has relatives including his son, daughter,

grandchildren, siblings and cousins in suburban Detroit. His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit. Plaintiff frequents many establishments in the Livingston County region and has been an overnight guest at the property that forms the basis of this lawsuit twice.

10. During the Plaintiff's stay on September 22-23-24 25, 2023, and most recently on June 22-23-24-25, 2024, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

11. Plaintiff has been an overnight guest at this hotel for no fewer than six nights as a bona fide guest because this property is very convenient very near his sister's residence in Brighton MI and as his past patronage suggests, he has firm intentions to be a overnight transient lodging guest here again.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and

services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Holiday Inn Express & Suites Brighton, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes

A. The passenger loading zone lacks a marked access aisle, in violation of the ADA and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. There are cracks and changes in level along the accessible route from the designated accessible parking to the entrance, in violation of the ADA and section 303.2 of the 2010 Standards, whose remedy is strictly required.

C. The parking facility lacks car stops and parked vehicles impede the required clear width of the accessible route (sidewalk) from the designated accessible parking to the entrance, in violation of the ADA and section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

D. There is a ramp with no handrails and excess slope on the accessible route from public transportation stops and the public right-of-way to the facility entrances they serve, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

Designated Mobility Accessible Guestrooms Generally

E. Upon information and belief, Mark Fultz believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel similar to those experienced by the Plaintiff in guestroom number 230 which require remedying.

Designated Mobility Accessible Guestroom #230

F. The door to access the guestroom requires more than 5 pounds of pressure to operate, in violation of the ADA and Section 309.4 of the 2010 Standards, whose remedy is strictly required.

G. Roll-in shower sprayer and controls are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall, in violation of the ADA and Section 608.5.2 of the 2010 Standards, whose remedy is strictly required.

H. The shower sprayer is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, whose remedy is strictly required.

I. The rear grab bar in the shower compartment does not meet required length, in violation of the ADA and Section 608.3.2 of the 2010 Standards, whose remedy is strictly required.

J.  The shower amenities are mounted in a location that impedes the use of the horizontal grab bar and is not at least 12 inches above it, in violation of the ADA and Section 609.3 of the 2010 Standards, whose remedy is strictly required.

Access to Goods and Services

K.  Doors including the lobby restroom door and fitness room door require greater than 5 pounds of pressure to operate, in violation of the ADA and Section 309.4 of the 2010 Standards, whose remedy is strictly required.

L.  There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and Section 403.5.1 of the 2010 Standards and Section 4.3.3 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Policies and Procedures

RR.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy for maintaining its accessible features, in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

SS.  The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

TT.  The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this 4 story hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Mark Fultz, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

16.  The discriminatory violations described in Paragraph 15 by Defendant Stellar Hospitality Brighton, LLC are not an exclusive list of the Defendant's ADA

violations. Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. .

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by Stellar Hospitality Brighton, LLC constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of

disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Stellar Hospitality Brighton, LLC owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Fultz and others with mobility impairments access to a usable roll-in shower.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such

readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com